# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 1, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANNY PERKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1478**  (BOR Appeal No. 2047347)
                                (Claim No. 2011031056)

**MINGO COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny Perkins, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Mingo County Board of Education, by T. Jonathan Cook, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board affirmed a June 15, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 10, 2011, decision rejecting Mr. Perkins's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Perkins alleges that he sustained injuries to his kidney, head, and back during a fall at work on March 16, 2011. A report of injury completed on the date of the incident states that Mr. Perkins was found on the floor of a restroom, and that he reported that he "blacked out" and struck his head on the sink. A March 17, 2011, report of injury lists the mechanism of injury as unknown and states that Mr. Perkins "blacked out" on March 16, 2011. A June 9, 2011, report of injury indicates that on March 16, 2011, Mr. Perkins slipped and fell while exiting a restroom. The physician's portion of the report was completed by S. A. Vayas, M.D., and lists the

1

following injuries: renal contusion, renal trauma, concussion, head trauma, and sprains. On August 10, 2011, the claims administrator rejected the claim. On February 23, 2012, Mr. Perkins testified in a deposition that he believes that on March 16, 2011, he slipped on water thrown on the restroom floor by children.

In its Order affirming the August 10, 2011, claims administrator's decision, the Office of Judges held that Mr. Perkins did not sustain a compensable injury on March 16, 2011. Mr. Perkins disputes this finding and asserts that the evidence of record demonstrates that he sustained a compensable injury in the course of his employment on March 16, 2011.

The Office of Judges found that the evidence of record indicates that Mr. Perkins has multiple medical problems which could have caused the March 16, 2011, accident, including chronic pain medication use and uncontrolled diabetes mellitus. The Office of Judges noted that Mr. Perkins testified that he was involved in a motor vehicle accident that he attributed to a drop in blood sugar a few days before the March 16, 2011, incident. Additionally, the evidentiary record documents multiple episodes during which Mr. Perkins has reported "blacking out". Further, the initial reports of injury list the mechanism of injury as unknown and state only that Mr. Perkins "blacked out". As noted by the Office of Judges, precisely what Mr. Perkins was doing at the moment he lost consciousness is not definitively known. The Office of Judges concluded that the evidence of record shows that Mr. Perkins lost consciousness while in a school restroom, but fails to establish that he was injured in the course of and resulting from his employment. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of December 6, 2012. We agree with the reasoning set forth by the Office of Judges and the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II